[Crim. No. 14807. Third Dist. Mar. 5, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK E. OTTERSTEIN, JR., Defendant and Appellant.

**COUNSEL**

Susan Freya Swift, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

PUGLIA, P. J.—Penal Code section 12022.7 authorizes additional punishment for crimes in which great bodily injury is intentionally inflicted except those crimes in which "infliction of great bodily injury is an element of the offense of which [defendant] is convicted." In this appeal we hold defendant may waive the exception to the application of section 12022.7 in the context of a plea bargain.

Defendant was charged with battery with serious bodily injury (Pen. Code, § 243, subd. (d)) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)). These two charges were "different statements of the same offense" (Pen. Code, § 954). The information also alleged that in the commission of the "above offense" defendant intentionally inflicted great bodily injury upon the victim (Pen. Code, § 12022.7) and that defendant had suffered a prior conviction of a serious felony (Pen. Code, § 667, subd. (a)).

Pursuant to a plea bargain defendant pled guilty to battery with serious bodily injury and admitted the allegation he intentionally inflicted great bodily injury. The bargain provided defendant was to receive a sentence of no more than six years and the charge of felony assault and allegation of prior conviction of serious felony were to be dismissed. Defendant was sentenced to a six-year prison term consisting of the three-year midterm for felony battery plus three years consecutive for the great bodily injury enhancement. The felony assault charge and the prior serious felony enhancement were dismissed.

 On appeal, defendant contends the court committed sentencing error in that a sentence for battery with serious bodily injury cannot be enhanced for intentional infliction of great bodily injury. Considered as a general proposition, he is right. As applied to this case, he is wrong.

 Penal Code section 12022.7 provides for an additional three-year term for one who in the commission of a felony intentionally inflicts "great bodily injury" unless "infliction of great bodily injury" is an element of the offense of which he is convicted. Infliction of "serious bodily injury" is an element of violation of Penal Code section 243, subdivision (d) of which defendant was convicted on his plea of guilty. "Serious bodily injury" is the essential equivalent of "great bodily injury" (*People* v. *Burroughs* (1984) 35 Cal.3d 824, 831 [201 Cal.Rptr. 319, 678 P.2d 894]). Ordinarily, the great bodily injury enhancement may not be applied to a term imposed for violation of Penal Code section 243, subdivision (d).

The People argue, however, that defendant cannot complain because he incurred no more than the conviction and punishment for which he bargained in exchange for which he avoided the possibility of an even greater liability. Having exacted substantial concessions from the People, defendant now asks this court to reverse and remand "for an appropriate [*sic*] reduction of sentence," thus seeking to retain the benefits of the bargain while relieving himself of a substantial part of the burden. Defendant professes to be the victim of an injustice although the bargain was consummated precisely as agreed. We think defendant does profess too much.

We first note that defendant's plea finds ample factual support in the record. In an apparent attempt to rape his female victim, defendant applied his fist to her face with great force, breaking her nose and knocking out four of her teeth. On the face of the record, it appears to have been to defendant's evident advantage to plead guilty and accept a reduced penalty.

Both of the charged offenses carry the identical felony punishment, imprisonment in the state prison for two, three or four years. Although he could

not have been punished for both (Pen. Code, § 654), conviction of either or both would have exposed defendant to an upper term of four years. Moreover, if convicted and punished for the felony assault, there would have been no impediment to imposition of the three-year enhancement for great bodily injury. The serious prior felony conviction could have added another five years consecutive making a total possible prison sentence of twelve years. By bargaining for a lesser term, defendant cut his losses by half, presumably a good deal for defendant or at least the best he could get and one to which he willingly agreed.

*People* v. *Johnson* (1978) 82 Cal.App.3d 183 [147 Cal.Rptr. 55], applies the principle which we believe is dispositive here. In that case the defendant received probation upon conviction of receiving stolen property as a condition of which he served one year in the county jail. Thereafter his probation was revoked and he was sentenced to state prison. The trial court refused to consider the alternative disposition of additional incarceration in county jail as a further condition of probation because Penal Code section 19a prohibits "confinement in a county ... jail ... as a condition of probation ... for a period in excess of one year." Moreover if county jail time in excess of one year is imposed, the necessity to credit that time against a later possible prison sentence (Pen. Code, § 2900.5) may operate prematurely to exhaust the People's remedy against the defendant leaving him free to violate probation with impunity. Observing that Penal Code sections 19a and 2900.5 were enacted for the benefit of prisoners, the appellate court held the trial court could consider imposition of additional county jail time as a condition of probation in lieu of a prison sentence if defendant knowingly and intelligently waived the provisions of those sections (*Johnson, supra,* 82 Cal.App.3d at pp. 185-188; see also *People* v. *Bailey* (1983) 140 Cal.App.3d 828, 830-832 [189 Cal.Rptr. 918]).

We believe defendant has waived objection to the imposition of the three-year enhancement for great bodily injury. The exception to its application upon which defendant relies is clearly for the benefit of defendants as a class.

Defendant was represented by the public defender at all stages of the proceedings before the magistrate and in the trial court. After entering his plea according to the agreed-upon bargain, the matter regularly came on for probation hearing on October 25, 1985. The probation report recommended disposition in accordance with the plea bargain. Defendant was arraigned for judgment and the court inquired if there was "Any legal cause why judgment should not be now pronounced?" The public defender replied, "There is none, your Honor." The court pronounced the judgment from which this appeal is taken. The same day, October 25, 1985, defendant filed notice of

appeal in the superior court. The notice was filed by the public defender as attorney for defendant and recited: "The grounds for appeal are:

1. Sentencing error.

2. The special allegation of Great Bodily Injury, 12022.7 P.C., cannot be added on to the Battery with Serious Injury, Section 243(d) of the Penal Code, because the victim and the injuries are one and the same."

From all the circumstances, we conclude defendant either entered into the plea bargain or thereafter and before judgment was pronounced acquiesced in adhering to its terms with knowledge of its irregularity. By this strategem defendant sought at minimum to reduce his potential criminal liability by half. Optimally, if defendant were to secure a reversal and on remand enter a plea of not guilty, he might avoid criminal liability entirely if a trial is not feasible at this late date, almost two years after the event. In that regard we note that defendant's victim was a transient who lived in a tent and had no permanent address.

The punishment to which defendant agreed is well within the maximum that could have been imposed under the charges and enhancements which were dismissed solely in consideration of defendant's plea. The record supports the inference defendant deliberately persevered in his plea with knowledge of its irregularity in order to secure an imagined appellate advantage. That is known colloquially as "having it both ways," a consummation not favored by the law. The judgment is entitled to a presumption of regularity. Although that presumption might yield in a collateral proceeding to a competent showing that the inference we draw in support of the judgment is not the correct one, on this record, our response to defendant's entreaty must be to "just say no."

The judgment is affirmed.

Regan, J., and Sims, J., concurred.