[No. B156481. Second Dist., Div. Six. May 6, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID THOMAS HAWKINS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

David Thomas Hawkins, in pro. per.; and William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and G. Tracey Letteau, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERREN, J.**—Penal Code[1] section 2933.1 imposes a 15 percent limitation on the accrual of presentence and worktime credits for those convicted of a crime that is defined as a violent felony in section 667.5. Section 667.5, subdivision (c)(8) defines as a violent felony "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." Here, we conclude that battery with serious bodily injury (§ 243, subd. (d)) cannot qualify as a violent felony under subdivision (c)(8) of section 667.5, unless the crime was committed under circumstances involving domestic violence.

David Thomas Hawkins appeals from the judgment entered after a jury found him guilty of violating section 243, subdivision (d). He was sentenced to a state prison term of five years, consisting of the high term of four years plus an additional year for a prior prison term (§ 667.5, subd. (b)). The trial court concluded that Hawkins had been convicted of a violent felony as defined by section 667.5, subdivision (c)(8), and accordingly applied the 15 percent limitation to his presentence custody credits in accordance with section 2933.1. Because battery with great bodily injury cannot qualify as a violent felony under subdivision (c)(8) of section 667.5 unless the crime was committed under circumstances involving domestic violence, and no such circumstances existed here, the trial court erred in concluding that the 15 percent custody credit limitation applies to Hawkins's sentence. We conclude that credits are to be awarded under sections 2933 and 4019. Accordingly, we modify the judgment to award appellant 303 days of presentence credits. Otherwise, we affirm.

### FACTS AND PROCEDURAL HISTORY

Because the only issue on appeal is a question of law, we need not recite the facts in detail. Hawkins was a patient in a drug rehabilitation facility when he punched a fellow patient in the face and allegedly made threatening comments. He was subsequently charged with one count of battery with serious bodily injury (§ 243, subd. (d)), and two counts of making a criminal threat (§ 422). It was further alleged as to the battery count that Hawkins had personally inflicted great bodily injury on the victim within the meaning of section 12022.7, subdivision (a).

The jury found Hawkins guilty of violating section 243, subdivision (d), and acquitted him on the section 422 counts. The section 12022.7, subdivision (a) allegation was not submitted to the jury, and the People subsequently struck the allegation. Hawkins admitted that he had served a prior

---

[1]All further statutory references are to the Penal Code.

prison term (§ 667.5, subd. (b)). In calculating Hawkins's presentence custody credits, the court determined that the 15 percent limitation of section 2933.1 applied. Accordingly, Hawkins was awarded 233 days of credit, consisting of 203 days' actual custody and 30 days' conduct credits.

## DISCUSSION

### I.

Section 667.5, subdivision (c) identifies the crimes that are classified as violent felonies. Battery with serious bodily injury (§ 243, subd. (d)) is not among the crimes expressly enumerated in the statute. The People nevertheless contend the crime may qualify as a violent felony under subdivision (c)(8), which includes "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ." (§ 667.5, subd. (c)(8).) According to the People, Hawkins's crime was "charged and proved as provided for in Section 12022.7" because a section 12022.7 enhancement allegation was charged in the information, and the "great bodily injury" contemplated by that section was proved when the jury found him guilty of inflicting serious bodily injury under section 243, subdivision (d).

Although other courts have recognized that battery with serious bodily injury is not classified as a violent felony under section 667.5, subdivision (c) (see, e.g., *In re Jensen* (2001) 92 Cal.App.4th 262, 268 [111 Cal.Rptr.2d 751]; *People v. Brucker* (1983) 148 Cal.App.3d 230, 242-243 [195 Cal.Rptr. 808]), none has expressly decided whether it may qualify under subdivision (c)(8)'s "catchall" provision.     In order to answer this question, " '. . . we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citations.] '[W]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] 'If the statutory language is clear and unambiguous, then we need go no further.' [Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 211 [120 Cal.Rptr.2d 783, 47 P.3d 629].)

Subdivision (c)(8) of section 667.5 provides in pertinent part that a crime qualifies as a violent felony if a great bodily injury allegation was "charged and proved as provided for in Section 12022.7." The version of section 12022.7 in effect at the time Hawkins committed his crime provided: "A person who personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony

or attempted felony of which he or she has been convicted, be punished by an additional term of three years, *unless infliction of great bodily injury is an element of the offense of which he or she is convicted.*" (§ 12022.7, former subd. (a), italics added, now subds. (a), (g).) The enhancement may be applied, however, if the crime is committed under circumstances involving domestic violence. (§ 12022.7, former subd. (e), now subds. (e), (g).) Because the "great bodily injury" contemplated by section 12022.7 is substantially the same as the "serious bodily injury" element of section 243, subdivision (d) (see, e.g., *People v. Beltran* (2000) 82 Cal.App.4th 693, 696 [98 Cal.Rptr.2d 730]), the section 12022.7 enhancement cannot be applied to the crime of battery with serious bodily injury unless it involves domestic violence. Moreover, we presume the Legislature has acquiesced in the courts' conclusions that battery with serious bodily injury is not a violent felony under section 667.5 because it amended the statute after those decisions were rendered without declaring otherwise. (*People v. Ledesma* (1997) 16 Cal.4th 90, 100-101 [65 Cal.Rptr.2d 610, 939 P.2d 1310].) We therefore conclude that battery with serious bodily injury cannot qualify as a violent felony under section 667.5, subdivision (c)(8), even if it includes a great bodily injury allegation under section 12022.7, unless the crime was committed under circumstances involving domestic violence. (Cf. *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550-1552 [235 Cal.Rptr. 108] [upholding imposition of § 12022.7 enhancement in conjunction with conviction under § 243 where the defendant pleaded guilty and admitted the enhancement pursuant to a plea bargain].)

In *In re Jose H.* (2000) 77 Cal.App.4th 1090 [92 Cal.Rptr.2d 228], the court affirmed the denial of a motion to strike a section 12022.7 enhancement imposed in conjunction with a violation of section 243, subdivision (d). The court accepted the People's justification that the enhancement had been charged " '. . . to qualify and perfect the offense for treatment as a "strike" in the future, . . .' " and noted that the enhancement had not been applied to extend the minor's sentence. (*Jose H.*, at p. 1096.) We respectfully disagree with this conclusion. The proffered purpose for charging the enhancement was unfounded. The minor's crime qualified as a strike because it was a serious felony under section 1192.7, subdivision (c)(8). In any event, section 12022.7 by its own terms does not apply to crimes in which infliction of great bodily injury is an element of the offense unless the crime is committed under circumstances involving domestic violence, and the statute is not intended to be utilized for any purpose other than as a sentence enhancement.

We are mindful of the technical nature of our conclusion. The serious bodily injury inflicted by one who violates section 243, subdivision (d), may

be no less dangerous to society or damaging to the victim than the infliction of great bodily injury committed by those whose crimes are covered by section 12022.7. The Legislature has made clear, however, that it is capable of distinguishing between such crimes when defining them as either serious or violent felonies. (Compare § 667.5, subd. (c)(8) [identifying as a violent felony "[a]ny felony in which the defendant inflicts great bodily injury . . . which has been charged and proved as provided for in Section 12022.7"] with § 1192.7, subd. (c)(8) [defining as a serious felony "any felony in which the defendant personally inflicts great bodily injury"].) Section 2933.1's 15 percent custody credit limitation only applies to those crimes defined as violent felonies under section 667.5. Battery with serious bodily injury cannot be so defined unless it is committed under circumstances involving domestic violence, so the limitation cannot be applied here.

[[II.]]*

## DISPOSITION

The judgment is modified to reflect that Hawkins has 303 days of presentence credits, consisting of 203 days' actual custody and 100 days' conduct credits. The superior court is ordered to amend the abstract of judgment and forward a copy to the Department of Corrections. As so modified, the judgment is affirmed.

Yegan, Acting P. J., and Coffee, J., concurred.

A petition for a rehearing was denied June 2, 2003, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 13, 2003.

---

*See footnote, *ante*, page 527.