Filed 2/4/15  P. v. Leal CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL DANIEL LEAL,<br><br>    Defendant and Appellant. | F067518<br><br>(Super. Ct. No. BF143613A)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

**INTRODUCTION**

On May 1, 2013, appellant Michael Daniel Leal entered a plea of no contest to first degree burglary (Pen. Code, § 460, subd. (a))[1] and a misdemeanor count of violating section 647.6, annoying or molesting a child under 18 years of age. He also admitted prior conviction, prior prison term, and prior strike enhancements. In exchange for his plea and stipulating to a 14-year prison sentence, several other serious felony counts were dismissed. The following month Leal sought to withdraw his plea. That motion was denied and Leal was sentenced in accordance with the plea.

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

**FACTUAL AND PROCEDURAL SUMMARY**

An information was filed against Leal on September 18, 2012. The information charged Leal with (1) first degree burglary, in violation of section 460, subdivision (a); (2) attempted lewd act on a minor under 14 years of age, in violation of sections 664 and 288, subdivision (a); (3) criminal threats, in violation of section 422, with a section 12022, subdivision (b)(1) enhancement; (4) assault with a deadly weapon, in violation of section 245, subdivision (a)(1); and (5) lewd act upon a minor under 14 years of age, in violation of section 288, subdivision (a), with the allegation that the offense was committed under circumstances enumerated in section 667.61, subdivision (a), which provides for a 25-year-to-life penalty. It also was alleged that Leal had been convicted of a prior offense that constituted a serious or violent felony that qualified as a strike under sections 667 and 1170.12, and had served a prior prison term with section 667.5, subdivision (b) being applicable. Leal pled not guilty to all charges and denied the allegations.

On May 1, 2013, a felony advisement of rights, waiver, and plea form was filed. The plea form indicated that an agreement had been reached whereby Leal would plead

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

to (1) a violation of section 460, subdivision (a), first degree burglary, (2) a violation of section 647.6, annoying or molesting a child under 18 years of age, and (3) a prior conviction, which was a 2011 first degree burglary conviction, pursuant to sections 667, subdivisions (a) and (e) and 667.5, subdivision (b).  He also stipulated to a 14-year term of imprisonment as part of the plea agreement and to register as a sex offender pursuant to section 290.  The plea form also contained the standard advisement of constitutional rights and consequences of entering a guilty or no contest plea.  Leal initialed each of these provisions and signed the plea form.

The transcript of the May 1, 2013, plea hearing discloses that the trial court reviewed the plea agreement with Leal, including the misdemeanor count of violating section 647.6, which was added as a part of the plea, and verified that Leal understood the terms of the plea agreement.  The trial court went through the consequences of entering a plea, including the consequence of pleading to a prior strike offense.  The trial court carefully explained to Leal that in the event he should be convicted of any serious felony offense at a future point in time, he would face a sentence of 25 years to life because he would have two prior strikes—the prior he was admitting and the current offense.  Leal indicated he understood.

The trial court explained to Leal that he would have to register as a sex offender pursuant to section 290 and informed him of other consequences of his plea.  The trial court obtained an affirmative response from Leal each time he was asked if he understood the consequences of his plea agreement.  The trial court also discussed the constitutional rights that Leal was waiving and after each right the trial court asked Leal if he understood and if he wished to waive the right; Leal responded affirmatively.

Leal was asked by the trial court if he had had an adequate opportunity to discuss the plea agreement with counsel; Leal responded, "Yes."  Leal was asked other times if he had discussed with counsel the consequences of entering a plea and waiving his rights;

Leal stated he had. The parties stipulated that the police reports provided a factual basis for the plea.

After thoroughly discussing the consequences and waiver of rights with Leal, the trial court accepted a plea and admissions on the enhancements in accordance with the plea agreement. The trial court made a finding of guilt and a finding that there was a knowing, intelligent, and voluntary waiver of rights. In accordance with the plea agreement, the People then moved to dismiss the remaining counts and enhancements and the motion was granted.

On June 20, 2013, the trial court held a confidential hearing at which Leal sought to withdraw his plea. Leal asserted that counsel had failed to advise him that a third felony conviction at a future point in time would lead to a "25 to life sentence … under the three strikes law." Leal also asserted that based upon his research in the jail library, the plea called for dual use of enhancements and rendered the plea agreement "unlawful."

The trial court asked what potential sentence Leal would have faced if he had not entered into the plea agreement. The People responded that the potential sentence was in excess of 50 years to life. Leal acknowledged that counsel had told him "something about 50 to life" if he were to lose at trial.

The trial court found there was no good cause for withdrawal of the plea; the plea was entered into knowingly and intelligently; and Leal had stipulated to a 14-year term of imprisonment in the plea agreement.

Also on June 20, 2013, the trial court imposed sentence in accordance with the plea agreement. The midterm of eight years was imposed for the count 1 conviction for first degree burglary. The count 1 term was enhanced by five years for the section 667, subdivision (a) enhancement and one year for the section 667.5, subdivision (b) enhancement, both to run consecutively to the eight-year term on the substantive offense. For the count 6 misdemeanor offense, the trial court imposed a term of 180 days in jail, to be served concurrently with the sentence imposed on count 1. The trial court also

4.

imposed the section 290 registration requirement in connection with the count 6 offense. Fines, fees, and restitution as set forth in the probation report were imposed. A total fixed term of 14 years was imposed, with total credits of 609 days granted.

On June 20, 2013, Leal filed a notice of appeal in which he challenged the validity of the plea and the legality of the sentence. He sought, and apparently obtained, a certificate of probable cause in order to challenge the plea bargain on the basis "the plea bargain and subsequent sentence were illegal because of the dual use of the [Penal Code] 667(a) and [Penal Code] 667.5(b) priors."

## APPELLATE COURT REVIEW

Leal submitted a letter to this court on September 11, 2013, "[a]sking for assistance" with the appeal. Appointed appellate counsel filed a *Wende* brief on December 20, 2013.

Leal's request for a certificate of probable cause stated use of the prior conviction to impose both a section 667, subdivision (a) and a section 667.5, subdivision (b) enhancement was impermissible dual use and invalidated the plea agreement.

Leal pled to a specified sentence of 14 years, which is what was imposed. "The punishment to which defendant agreed is well within the maximum that could have been imposed under the charges and enhancements which were dismissed solely in consideration of defendant's plea." (*People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1552.) Where a defendant has pled in exchange for a specified sentence, there is no error, even if the trial court acted in excess of its jurisdiction to reach that figure. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

After independent review of the record, we conclude there are no meritorious legal or factual issues. There is a clerical error, however, requiring correction. The abstract of judgment fails to reflect the plea to the section 647.6 misdemeanor offense and the term imposed for that offense. We will direct the preparation of a corrected abstract of judgment.

**DISPOSITION**

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment that includes the plea to the section 647.6 misdemeanor offense, count 6, and the term imposed for that offense, and to disseminate a copy of the corrected abstract to the appropriate agencies.