Filed 9/2/15  P. v. Hill CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SCOTT ANTHONY HILL, <br><br> Defendant and Appellant. | F068590 <br><br> (Super. Ct. No. CRF41810) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County. William G. Polley.  (Retired Judge of the Tuolumne Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Defendant Scott Anthony Hill was convicted by a guilty plea of possession of an illegal substance in a jail facility (Pen. Code, § 4573.6)[1] in exchange for a specified term of six years, the low term of three years, doubled pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b)). On appeal, he contends we should remand for resentencing because his aggregate term with his prior four-year term should have been eight years rather than 10 years. The People counter that defendant is estopped from contesting his sentence because he pled guilty in return for a specified sentence. We agree with the People and affirm.

## **DISCUSSION**

On December 5, 2012, defendant was convicted of possession of an illegal substance in a jail facility (§ 4573.6) in case No. CRF38799. He was serving a four-year term for this conviction when he committed the current offense on June 5, 2013. He initially pled not guilty, but decided to change his plea to guilty. He signed an advisement and waiver of rights form. The following occurred at the plea hearing on October 28, 2013:

> "[PROSECUTOR]: … I will represent to the Court it's my understanding the defendant will plead guilty to the offense of [section] 4573.6 of the Penal Code and will admit the prior strike allegation, subject will be sentenced to a stipulated term of six years['] state prison consecutive to any other terms he may be serving or have received.
>
> "And that will be served at 80 percent. It is further understood that the Court indicated restitution fine will be set at $200. He will be sentenced before November 9th if the probation officer can accommodate that.
>
> "THE COURT: All right. [Defense counsel], is that an accurate statement?
>
> "[DEFENSE COUNSEL]: It is, your Honor."

---

**1** All statutory references are to the Penal Code unless otherwise noted.

2.

The trial court sentenced defendant to the stipulated six-year term. The court granted defendant's request for a certificate of probable cause.

Defendant now argues that, pursuant to the sentencing scheme of section 1170.1,[2] the trial court should have considered the six-year term in the instant case as the principal term and the prior four-year term as a subordinate term, calculated as one-third the three-year midterm, doubled to two years. Because the subordinate term would have been two years rather than the original four years, his total term would have been eight years rather than 10 years.

---

[2]     Section 1170.1, subdivision (c) provides: "In the case of any person convicted of one or more felonies *committed while the person is confined in the state prison* or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. *If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a).* This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings." (Italics added.)

Section 1170.1, subdivision (a) provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or *in different proceedings or courts*, and whether by judgment rendered by the same or by a different court, *and a consecutive term of imprisonment is imposed* under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. *The principal term shall consist of the greatest term of imprisonment* imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. *The subordinate term for each consecutive offense shall consist of one-third of the middle term* of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses. Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in the state prison, regardless as to whether or not one of the terms specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170." (Italics added.)

"The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception:  Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."  (*People v. Hester* (2000) 22 Cal.4th 290, 295, original italics.)

Here, the court had fundamental jurisdiction.  "A lack of jurisdiction in its fundamental or strict sense results in '"an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."  [Citation.]  On the other hand, a court may have jurisdiction in the strict sense but nevertheless lack '"jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites."  [Citation.]  When a court fails to conduct itself in the manner prescribed, it is said to have acted in *excess* of jurisdiction.'"  (*People v. Lara* (2010) 48 Cal.4th 216, 224-225.)  ""'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent …"  [whereas] "an act in excess of jurisdiction is valid until set aside, and parties may be precluded from setting it aside by such things as waiver, estoppel, or the passage of time.""'"  (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 140, quoting *People v. Lara, supra,* at p. 225.)

California case law has long applied estoppel or waiver principles to reject challenges to plea bargains that contain some unauthorized elements, provided the defendant knowingly and intelligently entered his plea, the limiting provision at issue was enacted for the benefit of criminal defendants as a class, the defendant falls into that class, and the defendant received the benefit of his bargain.  (See, e.g., *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550-1552; *People v. Jones* (1989) 210

Cal.App.3d 124, 132-133; see also *People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123.)

Defendant argues he did *not* receive a benefit from his bargain because his total 10-year term was the same as what he would have received if he had gone to trial and received the maximum term.[3]

The People respond that defendant's appeal in the prior case was pending before this court when he entered into the plea bargain in this case.[4] Thus, if he had won his appeal in the prior case, his total sentence would have been lower. Defendant replies that his appeal in the prior case was a *Wende* appeal without any merit, and everyone knew he would not prevail on it when he entered his plea in this case.

Defendant does not claim he was unaware of the pending appeal when he entered into the plea bargain in the current case. Indeed, his pending appeal in the prior case could have been his motivation to accept the plea. Had he succeeded on appeal, a lower term in the present case would have benefitted him. The fact that he did not succeed on appeal does not mean he did not receive the benefit of his plea bargain. He received the six-year term, as specified, and avoided exposure to the maximum eight-year term at trial. He got exactly what he bargained for and we see no basis for giving him a greater bounty than that which he bargained for, expected, and received. He cannot now attempt to

---

[3] Specifically, defendant explains that the plea bargain was for the midterm of three years, doubled to six years pursuant to the Three Strikes law, plus the prior four-year term, for a total of 10 years. If instead he had gone to trial and received the upper term of four years, doubled to eight years pursuant to the Three Strikes law, plus a subordinate term of two years, he would again have received a total of 10 years.

[4] We take judicial notice of the prior case of *People v. Hill* (F066688) in which defendant filed a brief on May 6, 2013, requesting, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), that we independently review the record. Our review identified no arguable issues for appeal and thus defendant's conviction remained unchanged. (*People v. Hill* (November 7, 2013, F066688) [nonpub. opn.].)

better his bargain through the appellate process.  (See *People v. Hester, supra,* 22 Cal.4th at p. 295.)

## <u>DISPOSITION</u>

The judgment is affirmed.