Filed 11/18/25  P. v. Schlemmer CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DEVIN SCHLEMMER,<br><br>  Defendant and Appellant. | D084494<br><br><br>(Super. Ct. No. SCE415960) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed as modified.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Devin Schlemmer appeals from a judgment after a jury found him guilty of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)) and found true an enhancement allegation for personal infliction of great bodily injury (§ 12022.7, subd. (a)). He contends that: (1) his conviction for battery with serious bodily injury must be reversed because the jury also returned not guilty verdicts on lesser included offenses of simple assault and simple battery; (2) the section 12022.7, subdivision (a) enhancement, which was stayed at sentencing, must instead be stricken under subdivision (g) of the statute because infliction of great bodily injury is an element of battery with serious bodily injury; and (3) the trial court improperly limited his presentence conduct credits to 15 percent of actual days served. We disagree with Schlemmer's first contention but agree with the other two. Accordingly, we modify the judgment by striking the section 12022.7, subdivision (a) enhancement and awarding additional conduct credits and affirm the judgment as so modified.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Trial Evidence*

On the night of December 3, 2022, Schlemmer got into a physical fight with several other men at the Viejas Casino, including D.W. During the fight, D.W. pushed Schlemmer off one of his friends and pinned him to the ground. After they got up, Schlemmer walked away. As D.W. was searching for his glasses, which had fallen off in the scuffle, Schlemmer returned and sucker-punched D.W. in the mouth so hard that it knocked him to the ground. The punch was caught on surveillance video, which was played for the jury. The punch split D.W.'s bottom lip, requiring four stitches. According to D.W., it "felt like [his] teeth had been shifted." When he visited

---

[1] All further statutory references are to the Penal Code.

2

the dentist a few days later, he was suffering extreme pain around his upper front teeth. D.W. had to have one upper tooth extracted and root canals performed on several others.

B. *Trial and Sentencing*

Schlemmer was charged with two offenses committed against D.W. Count one charged assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) Count two charged battery with serious bodily injury. (§ 243, subd. (d).) The information further alleged as to both counts that Schlemmer personally inflicted great bodily injury on D.W. (§ 12022.7, subd. (a).)

In a jury trial, the court instructed the jury that counts one and two were "alternative charges" and it could not convict Schlemmer of both. Specifically, this instruction stated: "If you find the defendant guilty of one of these charges, you must find him not guilty of the other. You cannot find the defendant guilty of both."[2] The prosecutor and defense counsel similarly told the jury in closing arguments that it could only find Schlemmer guilty of one of the two charges and could not find him guilty of both.

The court also instructed the jury on (1) simple assault as a lesser included offense of count one, and (2) simple battery as a lesser included offense of count two.[3] The court gave CALCRIM No. 3517 to guide the jury on how to deliberate and complete the verdict forms for the greater and lesser included offenses. This instruction stated in relevant part: "If all of you agree

---

[2] Because the issue has not been raised on appeal, we express no opinion on whether the court correctly instructed the jury on this point.

[3] Although the court only instructed on simple battery as a lesser included offense of count two and simple assault as a lesser included offense of count one, the parties agree that simple assault is also a lesser included offense of the charged battery in count two.

3

the People have proven that the defendant is guilty of the greater crime, complete and sign the verdict form for guilty of that crime. *Do not complete or sign any other verdict form.*" (Italics added.)

In closing arguments, defense counsel conceded Schlemmer was the person shown punching D.W. in the mouth on the surveillance video. Defense counsel argued that Schlemmer was not guilty of the charged greater offenses but conceded he could be found guilty of the lesser included offenses of simple assault or simple battery.

The jury found Schlemmer guilty of battery with serious bodily injury as charged in count two and found true the accompanying great bodily injury allegation under section 12022.7, subdivision (a). The jury also completed verdict forms finding Schlemmer not guilty of the assault charged in count one and not guilty of the lesser included offenses of simple assault for count one and simple battery for count two.[4]

When the jury returned its verdicts, the court reviewed and summarized the verdict forms on the record. After noting the jury had returned a guilty verdict for battery with serious bodily injury on count two, the court stated: "Also submitted is the lesser for battery, and that is indicated as not guilty, but that would be set aside given the jury's finding as to Count 2." The court then polled the jury collectively and individually. Each of the jurors confirmed the verdicts.

Neither defense counsel nor the prosecutor objected to the fact that the jury returned a guilty verdict on the charged battery with serious bodily injury and also returned not guilty verdicts on the lesser included offenses

---

[4] The not guilty verdict forms for simple assault and simple battery are not included in the clerk's transcript, but the court described them on the record when taking the verdict.

4

of simple battery and simple assault. Neither party asked to have the jury clarify its verdict or objected when the court set aside the not guilty verdict on simple battery. Defense counsel never asked the court to enter a judgment of acquittal on the charge of battery with serious bodily injury or to set aside the jury's guilty verdict on this charge based on its not guilty verdicts on the lesser included offenses.

At sentencing, the court imposed the low term of two years for the battery with serious bodily injury and stayed the section 12022.7, subdivision (a) great bodily injury enhancement. The court awarded Schlemmer credits of 21 actual days plus three days conduct credits.

## DISCUSSION

## I

Schlemmer first argues that his conviction for battery with serious bodily injury must be reversed because the jury's not guilty verdicts on the lesser included offenses of simple assault and simple battery operated as an implied acquittal of the charged battery with serious bodily injury. He contends the trial court violated his rights to jury trial and due process by "arbitrarily" setting aside the jury's not guilty verdict on simple battery and entering judgment on the jury's guilty verdict for battery with serious bodily injury. Although Schlemmer acknowledges his attorney did not raise any of these issues in the trial court, he contends they are not forfeited, or in the alternative, his attorney provided ineffective assistance of counsel. We conclude that Schlemmer has forfeited these arguments by failing to raise them or seek clarification of the jury's verdict in the trial court. We further conclude he has not demonstrated ineffective assistance of counsel.

An appellate court ordinarily will not consider procedural defects or erroneous rulings where an objection could have been, but was not, presented

5

to the lower court by some appropriate method. (*People v. Saunders* (1993) 5 Cal.4th 580, 589–590.) Accordingly, "the general rule in both civil and criminal cases is that an objection to a defective verdict must be made before the jury is discharged." (*People v. Anzalone* (2013) 56 Cal.4th 545, 550 (*Anzalone*).) This requirement " 'is premised upon the idea that a party should not sit on his or her hands, but instead must speak up and provide the court with an opportunity to address the alleged error at a time when it might be fixed.' " (*Ibid.*)

The procedural defect here should have been apparent immediately when the jury returned its verdict. The jury returned verdicts of both *guilty* on the charged offense of battery with serious bodily injury and *not guilty* of the lesser included offense of simple battery. Yet the court had instructed the jury not to complete or sign any other verdict form if it found Schlemmer guilty of the greater crime. This standard jury instruction (CALCRIM No. 3519) is based on the well-established rule that "the jury must acquit of the greater offense before returning a verdict on the lesser included offense . . . ." (*People v. Kurtzman* (1988) 46 Cal.3d 322, 330.) The jury therefore committed an obvious mistake by returning a verdict on the lesser battery offense after finding Schlemmer guilty of the greater offense. Moreover, a not guilty verdict on a lesser included offense is logically inconsistent with a guilty verdict on the greater because the greater necessarily cannot be committed without committing the lesser.[5] (*People v. Delgado* (2017) 2 Cal.5th 544, 570.)

---

[5] In light of the other instructions given to the jury, however, the not guilty verdict on simple assault as a lesser included offense in count one was consistent with the guilty verdict on battery with serious bodily injury in count two. Although simple assault is a lesser included offense of battery with serious bodily injury, the jury evidently returned not guilty verdicts on

If defense counsel had objected to the verdict on these grounds before the jury was discharged, the court could have sought clarification from the jury and a correction of the mistake. It is settled that "a trial court may seek clarification where a jury finds the defendant guilty of a greater offense but not guilty of a lesser included offense." (*People v. Carbajal* (2013) 56 Cal.4th 521, 532 (*Carbajal*).) By failing to object, defense counsel deprived the court of " 'an opportunity to address the alleged error at a time when it might be fixed.' " (*Anzalone, supra*, 56 Cal.4th at p. 550.) We therefore conclude that the issues raised by Schlemmer have been forfeited. Because the defect could have been raised and resolved in the trial court, and doing so likely would have resulted in a different record on appeal, we also decline Schlemmer's request that we exercise our discretion to overlook the forfeiture. Doing so would defeat the purpose of a timely objection.

Schlemmer argues in the alternative that his attorney's failure to object to the verdicts deprived him of effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. (*People v. Scott* (1997) 15 Cal.4th 1188, 1211 (*Scott*); *Strickland v. Washington* (1984) 466 U.S. 668, 687–688.)

Schlemmer cannot prevail on either of these prongs. As to deficient performance, the appellate record is silent as to why defense counsel did not

---

the charged assault and simple assault because the court instructed that counts one and two were alternative charges and the jury could not convict of both.

object to the verdicts. It is "particularly difficult to establish ineffective assistance of counsel on direct appeal, where we are limited to evaluating the appellate record. If the record does not shed light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation." (*Scott, supra*, 15 Cal.4th at p. 1212; see also *People v. Bradford* (1997) 14 Cal.4th 1005, 1052 [reviewing court will find ineffective assistance of counsel "only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission" (internal quotation marks omitted)]; *People v. Mayfield* (1993) 5 Cal.4th 142, 188 ["tactical choices presented . . . on a silent record . . . are better evaluated by way of a petition for writ of habeas corpus, and on direct appeal we reject them"].)

On this record, there is a reasonable explanation for defense counsel's failure to object. Defense counsel may have made a tactical decision not to object so that the issue could instead be asserted as a basis for reversal on appeal, as it has been. He could reasonably have concluded that if he objected, it would likely result in the jury clarifying that it did in fact intend to convict Schlemmer of the charged battery with serious bodily injury. Defense counsel thus could have made a rational judgment that it was better for his client to preserve the existing defect as an issue for appeal than risk an adverse clarification of the verdict that would cure the defect.

Nor can Schlemmer demonstrate a reasonable probability of a more favorable result if his counsel had objected. With a properly stated objection, the trial court would have been compelled to seek clarification from the jury as to its true intent. (*Carbajal, supra*, 56 Cal.4th at p. 532.) We see no reasonable probability the jury would have clarified that it did *not* intend to

8

convict Schlemmer of battery with serious bodily injury.  Such a result is not reasonably probable because (1) the jury unanimously returned a guilty verdict on this charge; (2) the jury unanimously made a true finding on the accompanying allegation for personal infliction of great bodily injury; (3) all 12 jurors orally confirmed these verdicts when polled; and (4) it was undisputed that Schlemmer was the person who punched the victim in the mouth as shown on the surveillance video.  In particular, the jury's finding that Schlemmer personally inflicted great bodily injury on D.W. makes it highly improbable it did not intend to convict him of battery with serious bodily injury.  As Schlemmer himself argues in another context, serious bodily injury is the "essential equivalent" of great bodily injury.  (*People v. Sloan* (2007) 42 Cal.4th 110, 117 (*Sloan*) [noting that a true finding on a great bodily injury enhancement "would effectively establish the elements of the charged battery with serious bodily injury"].)

By returning the verdicts it did, the jury unmistakably intended to accept the prosecution's argument that Schlemmer was guilty of the greater battery offense as charged and reject the defense theory that he was only guilty of the lesser included offenses.  In these circumstances, the jury's mistake in returning a not guilty verdict on the lesser included offense of simple battery does not require reversal of its unanimous guilty verdict on the greater.  (See *People v. Caird* (1998) 63 Cal.App.4th 578, 585–590 (*Caird*) [no reversal of conviction on greater sex offense where jury also returned "superfluous" not guilty verdict on lesser included offense]; *People v. Davis* (1988) 202 Cal.App.3d 1009, 1014–1018 [no reversal of murder conviction where jury committed "technical error" by also returning not guilty verdicts on lesser included offenses].)  As in *Caird* and *Davis*, the jury committed a technical error by filling out the verdict form for the lesser offense instead of

9

leaving it blank, as it was instructed to do after reaching a guilty verdict on the greater battery charge. "[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice." (*People v. Webster* (1991) 54 Cal.3d 411, 447.) We are not persuaded by Schlemmer's contention that *Caird* and *Davis* were wrongly decided on this point.[6]

We also reject Schlemmer's suggestion that if his counsel had objected, the trial court would have been compelled to enter a judgment of acquittal because the jury's not guilty verdicts on the lesser included offenses operated as an implied acquittal of the charged battery with serious bodily injury as a matter of law. The doctrine of implied acquittal applies when the jury reaches a verdict on a lesser included offense but returns no verdict on the greater, despite having the opportunity to do so. (See, e.g., *People v. Fields* (1996) 13 Cal.4th 289, 299.) The jury's verdict on the lesser offense then operates as " 'a bar to a subsequent prosecution for the greater . . . offense.' " (*People v. Lohbauer* (1981) 29 Cal.3d 364, 372.) Schlemmer cites no cases applying the doctrine of implied acquittal when the jury has found the defendant *guilty* of the greater offense. We will not imply an acquittal when there has been an express finding of guilt. (See *Caird, supra*, 63 Cal.App.4th 578, 586–589 [rejecting defendant's argument that not guilty verdict on lesser

---

6    The cases Schlemmer relies on did not involve situations in which the jury returned a guilty verdict on the charged offense and a not guilty verdict on a lesser included offense, and they did not suggest that *Caird* and *Davis* were wrongly decided. (See *People v. Brown* (2016) 247 Cal.App.4th 211, 233; *People v. Guerra* (2009) 176 Cal.App.4th 933, 942–943; *People v. Hamilton* (1978) 80 Cal.App.3d 124, 130.)

included offense constituted acquittal of the greater even though jury had returned guilty verdict on the greater].)

## II

Schlemmer next argues that the section 12022.7, subdivision (a) enhancement for great bodily injury should have been stricken rather than stayed.  He reasons that this enhancement does "not apply if infliction of great bodily injury is an element of the offense" (§ 12022.7, subd. (g)) and he relies on a long line of Court of Appeal cases concluding that great bodily injury is an element of battery with serious bodily injury within the meaning of this subdivision.[7] (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375–1376 (*Hawkins I*); *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550 (*Otterstein*); see also *People v. Johnson* (2016) 244 Cal.App.4th 384, 391; *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1616; *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531 (*Hawkins II*); *People v. Beltran* (2000) 82 Cal.App.4th 693, 696–697.)  These cases in turn relied on Supreme Court authority holding that serious bodily injury is the "essential equivalent" of great bodily injury.  (*People v. Burroughs* (1984) 35 Cal.3d 824, 831; see also *Sloan, supra*, 42 Cal.4th at p. 117.)

In response, the People contend that great bodily injury is not an element of battery with serious bodily injury under the Supreme Court's

---

7       Section 12022.7, subdivision (g) provides: "Subdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense."  By its terms, this provision creates an exception to the three-year enhancement for great bodily injury set forth in subdivision (a), which is the enhancement at issue here.  Though not at issue here, this exception does not apply to subdivision (e), which creates a separate enhancement for "[a]ny person who personally inflicts great bodily injury *under circumstances involving domestic violence* in the commission of a felony or attempted felony . . . ."  (Italics added.)

more recent decision in *In re Cabrera* (2023) 14 Cal.5th 476 (*Cabrera*). In *Cabrera*, the jury found the defendant guilty of battery with serious bodily injury but was unable to reach a verdict on great bodily injury allegations. At sentencing, however, the trial court concluded that the battery with serious bodily injury qualified as a serious felony based on its own finding that the defendant inflicted great bodily injury. (See § 1192.7, subd. (c)(8) [defining serious felonies to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice"].) Based on this finding, the court imposed an enhancement for a serious felony prior. (§ 667, subd. (a)(1) [five-year enhancement for a "person convicted of a serious felony who previously has been convicted of a serious felony"].)

The Supreme Court concluded that this factual finding by the court violated the defendant's Sixth Amendment right to jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) because the jury's verdict of battery with serious bodily injury did not *necessarily* establish that he inflicted great bodily injury. (*Cabrera, supra*, 14 Cal.5th at pp. 483–489.) Although the court acknowledged its own prior decisions observing that the two are essentially equivalent, it noted that they nevertheless have separate and distinct statutory definitions; the Legislature distinguished between the two by defining felonies involving great bodily injury to be serious felonies but not those involving serious bodily injury (§ 1192.7, subd. (c)(8)); and juries could reasonably apply (and have actually applied) the different statutory definitions to find serious bodily injury but not great bodily injury. (*Cabrera*, at pp. 483–489.)

In reaching this result, however, the court cautioned that its holding was strictly limited to the specific context of the Sixth Amendment issue

12

before it under *Apprendi*. (*Cabrera, supra*, 14 Cal.5th at pp. 490–492.) The court devoted multiple paragraphs of its opinion to emphasize that it was not questioning existing case law "in other contexts" that have relied on its own pronouncements that serious bodily injury and great bodily injury are essentially equivalent. (*Ibid.*) More specifically, the court made clear it was not calling into question the line of cases Schlemmer relies on here. As the Supreme Court explained:

> "The holding in this case does not call into question our assertion in *Burroughs* that serious bodily injury and great bodily injury are ' "essentially equivalent elements." ' [Citation.] Nor do we express an opinion on cases that have relied on that assertion in other contexts. For example, the Courts of Appeal have long construed Penal Code section 12022.7, subdivision (g)'s bar on imposing the great bodily injury enhancement when 'infliction of great bodily injury is an element of the offense' to mean that the enhancement may not be imposed where serious bodily injury is an element of the underlying offense. [Citations.] In [*Hawkins I*], the court stated that great bodily injury and serious bodily injury have 'substantially the same meaning' and on that basis concluded that 'great bodily injury is indeed an element of battery under [Penal Code] section 243, subdivision (d).' [Citation.] [*Hawkins I*] was decided before *Apprendi*, and the degree of similarity that [*Hawkins I*] assigned to these terms in reaching its conclusion says nothing about the degree of similarity they must have to satisfy *Apprendi*. Even if it is sufficient for serious bodily injury and great bodily injury to be '*substantially* the same' [citation] for purposes of applying Penal Code section 12022.7, more is required to satisfy *Apprendi*'s strict allocation of roles between judge and jury under the Sixth Amendment. [¶] . . . [¶]
>
> "In addition, our decision does not disturb other cases cited by the Attorney General, which hold that the jury instructions on great and serious bodily injury may stand

13

on their own without further instruction distinguishing them [citation] and that battery with serious bodily injury does not, without more, qualify as a violent felony [citation] or a serious felony [citations].

"In sum, we do not question *Burrough*'s statement that great bodily injury and serious bodily injury are ' "essentially equivalent elements." ' [Citation.] But in the specific context of *Apprendi*, ' "essentially equivalent" ' [citation] or 'substantially the same' [citation] or 'substantially similar' [citation] is not enough." (*Id.* at pp. 490–491.)

Given these explicit caveats, we must reject the Attorney General's invitation to treat *Cabrera* as having impliedly overruled the non-*Apprendi* cases the court made clear it was not disturbing. We therefore conclude that *Cabrera* does not affect the line of cases holding that great bodily injury is an element of battery with serious bodily injury for the purpose of section 12022.7, subdivision (g). (*Hawkins I, supra*, 15 Cal.App.4th at pp. 1375–1376; *Otterstein, supra*, 189 Cal.App.3d at p. 1550.)

As an alternative argument, the People contend that Schlemmer is not entitled to outright dismissal of the section 12022.7 enhancement because the jury's finding of great bodily injury is necessary for the offense to qualify as a serious felony under section 1192.7, subdivision (c)(8). In support, the People rely on *In re Jose H.* (2000) 77 Cal.App.4th 1090 (*Jose H.*). There, the juvenile court sustained a charge of battery with serious bodily injury (§ 243, subd. (d)) with a great bodily injury enhancement (§ 12022.7), and the minor argued on appeal that the latter should be stricken under *Hawkins I* and *Otterstein*. Characterizing *Hawkins I* and *Otterstein* as having been decided "pursuant to Penal Code section 654," the *Jose H.* court concluded that the great bodily injury enhancement need not be stricken because the defendant did not receive a separate sentence for it and thus "was not punished twice

14

for the battery and the enhancement."[8] (*Jose H.*, at p. 1096.) Although the court did note that the prosecutor had argued the section 12022.7 finding was necessary "to qualify and perfect the offense for treatment as a 'strike' in the future" (*ibid.*), the court did not actually rest its decision on this rationale.

Another court has since rejected this latter theory. (*Hawkins II, supra*, 108 Cal.App.4th at p. 531.) The *Hawkins II* court reasoned: "[S]ection 12022.7 by its own terms does not apply to crimes in which infliction of great bodily injury is an element of the offense unless the crime is committed under circumstances involving domestic violence, *and the statute is not intended to be utilized for any purpose other than as a sentence enhancement*." (*Ibid.*, italics added.) The court disagreed with *Jose H.* to the extent it suggested otherwise. (*Ibid.*)

We agree with *Hawkins II* and likewise disagree with *Jose H.* The holding of *Jose H.* was premised on the court's misperception that *Hawkins I* and *Otterstein* were based on section 654, rather than section 12022.7, subdivision (g). Relying on this mistaken belief, the court declined to strike the section 12022.7 enhancement solely because there was no dual punishment of the battery and the enhancement. (*Jose H., supra*, 77 Cal.App.4th at p. 1096.) But dual punishment is not the issue under section 12022.7, subdivision (g). Rather, subdivision (g) makes the subdivision (a) enhancement for great bodily injury wholly inapplicable to crimes in which infliction of great bodily injury is an element of the offense. The *Jose H.* court inexplicably failed to mention subdivision (g) or its substance in discussing *Hawkins I* and *Otterstein*. Moreover, *Hawkins II* correctly concluded that where the subdivision (g) exception applies, a subdivision (a) enhancement

---

[8] Section 654 prohibits multiple punishment for a single act or omission under different provisions of law.

15

cannot be affirmed just to qualify the offense as a serious felony because section 12022.7 "is not intended to be utilized for any purpose other than as a sentence enhancement." (*Hawkins II, supra*, 108 Cal.App.4th at p. 531.) To establish the crime as a serious felony, the People could have charged Schlemmer with a separate allegation of great bodily injury under section 1192.7, subdivision (c)(8), but they did not do so. (See, e.g., *People v. Modiri* (2006) 39 Cal.4th 481, 489–490.) Accordingly, we conclude that the section 12022.7, subdivision (a) enhancement must be stricken because great bodily injury is an element of battery with serious bodily injury within the meaning of subdivision (g).

### III

Finally, Schlemmer argues that the trial court erred by awarding only three days of conduct credits in addition to 21 actual days of presentence credits. The parties agree that rather than awarding two days conduct credits for each two days of actual custody (§ 4019), the trial court appears to have applied the 15 percent limitation on conduct credits applicable to violent felonies (§ 2933.1, subd. (c)). Schlemmer contends this was error under *Hawkins II*, which held that the 15 percent limitation for violent felonies does not apply to battery with serious bodily jury unless it is committed under circumstances involving domestic violence. (*Hawkins II, supra*, 108 Cal.App.4th at pp. 530–532.)

In response, the People argue that we should not follow *Hawkins II* because it was premised on the assumption that great bodily injury is an element of battery with serious bodily injury and it "was decided prior to *Cabrera*, which establishes that serious bodily injury and great bodily injury are not the same element." For the reasons we have already explained, however, we conclude that the holding of *Cabrera* is limited to the Sixth

16

Amendment issue decided under *Apprendi*. Moreover, *Cabrera* cited *Hawkins II* with apparent approval when it explicitly stated that "our decision does not disturb other cases cited by the Attorney General, which hold . . . that battery with serious bodily injury does not, without more, qualify as a violent felony." (*Cabrera, supra*, 14 Cal.5th at p. 491, citing *Hawkins II, supra*, 108 Cal.App.4th at p. 531.) Accordingly, we agree with Schlemmer that he is entitled to two days of conduct credits for every two days of actual custody under section 4019. Because he served 21 days of actual presentence custody, he is entitled to 20 days of conduct credits.

## DISPOSITION

The section 12022.7, subdivision (a) enhancement is stricken. The award of presentence conduct credits is increased from three days to 20 days, for a total of 41 days presentence credits. As so modified, the judgment is affirmed. The trial court is directed to issue an amended abstract of judgment reflecting these modifications and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.


17