Filed 5/17/16  P. v. Kim CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B259869 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA399650) |
| DAVID KIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed as modified.

Libby A. Ryan, under appointment by the Court of Appeal,  for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Steven D. Matthews and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

David Kim appeals from the judgment after his jury conviction of battery with serious bodily injury.  (Pen. Code, § 243, subd. (d).)[1]  He argues that the trial court erred in imposing an additional five-year term under section 667 and limiting his conduct credits to 15 percent under section 2933.1.  We conclude the five-year term was properly imposed because the prosecution proved that appellant's conduct caused his current offense to become a serious felony under section 1192.7.  However, as charged and proven, appellant's offense did not qualify as a violent felony under section 667.5, and the limitation imposed on his conduct credits was therefore improper.  We modify the judgment to award appellant 806 days of conduct credits and a total of 1612 days of presentence custody credits.

## FACTUAL AND PROCEDURAL SUMMARY

The victim, Peter Chung, and appellant were residents at a Christian fellowship center that provided in-patient alcohol abuse treatment.  On May 7, 2012, Chung ran into appellant and three other men in the smoking area of the center.  Appellant confronted Chung, approaching and asking him, "What are you looking at?" and "You want to take it outside?"  The other three men stood up.  Center administrators sent everyone to their rooms.  An hour and a half later, Chung returned to the smoking area, and again saw appellant and the other three men.  Appellant again asked Chung what he was looking at, and one of the men added, "You mess with him, you mess with all of us."  Another man punched Chung, who fell back.  All four men then beat and kicked Chung while he was on the ground.  According to Chung, at some point appellant used an object that looked like a pipe to hit Chung on the head and to break his arm.

Chung sustained fractures to his right arm and leg, as well as his ribs and orbital bones.  He was hospitalized for two weeks, during which he underwent surgery on his arm, leg, and left eye.  He wore a cast on his leg for eight months and on his arm for four

---

[1] All statutory references are to the Penal Code.

months. He was prescribed eyeglasses and suffered from double vision at night. At the time of trial, there were visible scars on the back of his head and his forearm.

Appellant was charged with battery with serious bodily injury in count 1. (§ 243, subd. (d).) The offense was listed as a serious felony. (§ 1192.7, subd. (c).) Attached to count 1 was a further allegation that appellant had used a deadly or dangerous weapon (a pipe), which caused the underlying offense to be a serious felony. (§§ 12022, subd. (b)(1); 1192.7, subd. (c)(23).) In count 2, appellant was charged with assault with a deadly weapon, a pipe, with the allegation that he personally inflicted great bodily injury, causing the offense to become a serious felony. (§§ 245, subd. (a)(1); 1192.7, subd. (c)(8); 12022.7, subd. (a).) A prior serious felony resulting in a prison term also was alleged.

The jury convicted appellant on count 1, but found the weapon use allegation on that count not to be true. The jury acquitted appellant on count 2 and did not reach the great bodily injury allegation attached to that count. Appellant admitted his prior conviction and was sentenced to three years in prison, doubled to six years, plus an additional five-year term for the prior conviction. (§ 667, subd. (a)(1).) He was awarded credit for 806 actual days, plus 120 days of conduct credits (§ 2933.1, subd. (a)), for a total of 926 days of presentence credits.

This appeal followed.


**DISCUSSION**

**I**

Appellant argues that imposition of the five-year enhancement under section 667, subdivision (a)(1), was unauthorized because the jury did not make the requisite factual finding to qualify his current offense as serious felony. We do not agree.

Section 667, subdivision (a)(1) authorizes a five-year sentence enhancement when a defendant is convicted of a serious felony as defined in section 1192.7, subdivision (c), and has suffered a previous serious felony conviction. Although the statute does not specifically list battery with serious bodily injury, it reaches "any felony in which the

3

defendant personally inflicts great bodily injury on any person, other than an accomplice" (§ 1192.7, subd. (c)(8)), and "any felony in which the defendant personally use[s] a dangerous or deadly weapon" (*id*., subd. (c)(23)). An unlisted felony may constitute a serious felony if the prosecution pleads and proves the facts necessary to establish the conduct defined in subdivision (c)(8) or (23). (*People v. Equarte* (1986) 42 Cal.3d 456, 465 (*Equarte*).) The necessary facts may be pled and proven as an enhancement for personally inflicting great bodily injury (§ 12022.7) or personally using a deadly or dangerous weapon (§ 12022, subd. (b)(1)), but an enhancement is not an absolute prerequisite. (*Equarte*, at p. 465; *People v. Taylor* (2004) 118 Cal.App.4th 11, 23 (*Taylor*).)

"'"Serious bodily injury" and "great bodily injury" are essentially equivalent elements.' [Citation.]" (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, overruled on another ground in *People v. Blakeley* (2000) 23 Cal.4th 82, 88–89; see also *People v. Moore* (1992) 10 Cal.App.4th 1868, 1871 ["'serious bodily injury,' as required for felony battery [§ 243, subd. (d)], is essentially equivalent to or synonymous with 'great bodily injury' for the purpose of a 'serious felony' sentence enhancement [§ 1192.7, subd. (c)(8)]"].)

Appellant's reliance on *Taylor*, *supra*, 118 Cal.App.4th 11 for a contrary result is misplaced. In that case, the prosecutor argued the victim's injuries were serious as a matter of law, and the defense argued the fracture of a facial bone did not qualify as great bodily injury. (*Id*. at pp. 17, 24.) The jury asked the judge to clarify whether "a simple bone fracture is considered 'great bodily injury' or only 'moderate injury.'" (*Id*. at p. 25.) When told that the issue was one of fact, the jury convicted the defendant of battery with serious bodily injury, but found not true all "great bodily injury" enhancements. (*Id*. at pp. 21, 25.) Under those circumstances, the *Taylor* court declined to equate the jury's finding of serious bodily to a finding of great bodily injury. (*Id*. at p. 25)

Here, the defense did not dispute the gravity of Chung's injuries. Rather, defense counsel argued that defendant was not involved in the attack at all, an argument the jury clearly rejected when it convicted appellant of felony battery. Counsel also highlighted a

4

discrepancy in the evidence regarding the weapon used, citing an emergency room record that stated the victim was hit with a stick. Both the allegation that appellant used a deadly or dangerous weapon and the assault with a deadly weapon count expressly assumed the weapon used was a pipe. The fact that the jury rejected these charges does not mean it rejected the charge that defendant's assault caused the victim to suffer great bodily injury. The rejection establishes nothing more than that the jury was not convinced of the weapon identification.

Unlike *Taylor*, in this case the jury did not make a specific finding on the "great bodily injury" allegation. Since that allegation was attached only to count 2, and the jury found appellant not guilty on that count, it did not reach the allegation. Because the jury did not make inconsistent findings on serious and great bodily injury, there is no need to distinguish between those two types of injury in this case. (See *Taylor*, *supra*, 118 Cal.App.4th at p. 26 ["In the absence of any contrary indication in the record, the trial court . . . [i]s justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent'"].)

There is no requirement that a particular statutory enhancement be proven for section 1192.7, subdivision (c)(8) to apply, so long as the requisite conduct is pled and proven. (*Equarte*, *supra*, 42 Cal.3d at p. 465; see also *People v. Trujillo* (2006) 40 Cal.4th 165, 175.) Even though the jury did not reach the "great personal injury" enhancement, the record indicates it found appellant personally inflicted serious bodily injury on Chung. Although a conviction of battery with serious bodily injury may be based on accomplice liability (*People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508), in this case, the prosecutor withdrew the aiding and abetting instruction on count 1, and argued that appellant was liable as a principal. The jury was instructed that battery causing serious bodily injury required finding that appellant "willfully touched" Chung "in a harmful or offensive manner," and Chung "suffered serious bodily injury as a result of the force used." The instruction effectively required the jury to decide whether appellant personally inflicted serious bodily injury on Chung.

5

We note that appellant's pretrial waiver of his right to a jury trial on his prior conviction also waived the right to a jury determination of the seriousness of his current conviction. (See *Equarte*, *supra*, 42 Cal.3d at p. 467; *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1614; *People v. Yarbrough* (1997) 57 Cal.App.4th 469, 477–478 [waiver of right to jury trial on "'prior conviction'" includes issue of whether or not current offense is a serious felony].) At sentencing, appellant's counsel conceded that his current conviction was for a serious felony.

We find no error in the imposition of the five-year enhancement under section 667.

## II

Appellant also argues the prosecution did not plead and prove that his conviction was a violent felony under section 667.5 in order to qualify for reduced conduct credits under section 2933.1. We agree.

Section 2933.1 limits conduct credits to 15 percent for a defendant who is convicted of a violent felony under section 667.5. (§ 2933.1, subd. (a).) Battery with serious bodily injury is not one of the violent felonies listed in section 667.5, subdivision (c). (See *In re Jensen* (2001) 92 Cal.App.4th 262, 268.) Section 667.5, subdivision (c)(8) includes within its definition of violent felonies "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7. . . ." Subdivisions (a) through (e) of section 12022.7 list enhancements for great bodily injury inflicted under various specified circumstances. Subdivision (g) provides that "[s]ubdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense." The limitation does not extend to the enhancement applicable under subdivision (e), for great bodily injury under circumstances involving domestic violence.

Here, the information did not charge appellant with a violent felony, and the issue did not arise until the sentencing hearing when the court questioned whether battery with serious bodily injury was a violent felony because great bodily injury was an element of that offense, citing *People v. Hawkins* (1993) 15 Cal.App.4th 1373. In that case, Division

6

Two of this district held that because "great bodily injury, as defined in section 12022.7, is an element of the crime of battery under section 243, subdivision (d)," it was an error to impose an additional term for the enhancement. (*Id*. at p. 1376.) Notably, the case did not involve the issue presented here: whether the enhancement may be used for any other purpose.

In a later case coincidentally bearing the same name, *People v. Hawkins* (2003) 108 Cal.App.4th 527 (*Hawkins*), Division Six of this district considered whether battery with serious injury may be a violent felony under section 667.5, subdivision (c)(8) because serious bodily injury is equivalent to great bodily injury for purposes of the enhancement in section 12022.7. The court concluded that section 12022.7, by its own terms, does not apply when great bodily injury is an element of the offense, except in domestic violence cases. (*Id*. at p. 531.) Hence, the court held, battery with serious bodily injury cannot be defined as a violent felony outside the domestic violence context and cannot be used to reduce conduct credits under section 2933.1. (*Id*. at p. 532.) Although respondent cites this case for the proposition that "'great bodily injury' is an element of the offense of battery with 'serious bodily injury,'" it does not recognize that under the holding of the case, battery with serious bodily injury cannot be a violent felony, except in circumstances of domestic violence.

We see no reason to disagree with *Hawkins*, *supra*, 108 Cal.App.4th 527. The definition of violent felony in section 667.5, subdivision (c)(8) is expressly tied to the great bodily injury enhancement in section 12022.7. Since, by its own terms, that enhancement does not apply when great bodily injury is an element of the offense, except in the domestic violence context, and great bodily injury is indistinguishable from serious bodily injury, battery with serious bodily injury cannot be defined as a violent offense under section 667.5, subdivision (c)(8), except in domestic violence cases.

Because appellant's conviction was not for a violent felony, reduction of his conduct credits under section 2933.1 was improper. Under section 4019, day-for-day conduct credits may be earned for offenses committed on or after October 1, 2011. (See *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.) Appellant committed his current crime

in May 2012, and is therefore eligible to receive 806 conduct credits for his 806 actual days in custody.

## DISPOSITION

The judgment is modified to reflect that appellant has 806 actual custody credits and 806 conduct credits, for a total of 1612 presentence custody credits. The superior court is directed to amend the abstract of judgment accordingly and to forward a copy to the Department of Corrections. As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

COLLINS, J.

8