Filed 7/17/14  P. v. Clayton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CURTIS LEE CLAYTON aka CURTIS GLENN CLAYTON<br><br>        Defendant and Appellant. | 2d Crim. No. B248951<br>(Super. Ct. No. TA122981-01)<br>(Los Angeles County) |

Curtis Clayton appeals from the judgment after a jury convicted him of battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d))[1]. In a bifurcated proceeding, the trial court found that appellant had suffered a prior strike conviction (§§ 667, subds. (b) -(i); 1170.12, subds. (a) - (d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and nine prior prison terms (§ 667.5, subd. (b)). The trial court denied a *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) to strike the prior strike conviction and sentenced appellant to 13 years state prison. Appellant claims that he was coerced to withdraw his *Faretta* request for self-representation (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]) and that the trial court miscalculated his presentence conduct credits. We modify the judgment to reflect that

---

[1] All statutory references are to the Penal Code.

1

appellant was awarded 741 days custody credit (371 actual days and 370 conduct credit days) and affirm the judgment as modified.

*Facts and Procedural History*

On the night of April 25, 2012, Sam Ku was dispatched to repair an ATM machine outside a Rite Aid. Francisco Medrano, an armed security guard, provided protection while the repairs were made.

Appellant approached and asked for spare change. Medrano told appellant to step away and raised his arm to fend appellant off. Appellant punched Medrano, knocking him out. Medrano hit his head and was hospitalized for a head laceration, three broken ribs, and a cut lip.

Before trial, appellant brought a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118) to replace his court appointed attorney which was denied. Appellant argued that if he could not get another attorney, he would represent himself. The trial court noted that appellant had an extensive history of convictions and asked, "Have you represented yourself in the past?" Appellant said that he had. The trial court responded: "It doesn't sound like it's been very successful in terms of beating any cases." The following exchange occurred:

"The Court: And so you're going to be able address all of that from a legal point of view in terms of the evidence that would be coming before a jury?

"[Appellant]: I don't know if I can do it all or not.

"The Court: Well, that's my point, sir. Do you understand the rules of how a trial works in terms of defending yourself [and] the rules of evidence?

"[Appellant]: Do I have any choice?

"The Court: Well, you're looking at -- your choice is on the right side of you, someone who is experienced as a trial lawyer. That's my point. Do you want to give - -

"[Appellant]: Can I have another one?

2

"The Court:   No.  We've already been there.  I know you objected to my ruling, but why don't you give some thought about this, all right?

"[Appellant]:  All right.

"The Court:  Okay.  You'll settle for her?

"[Appellant]:  No.

"The Court:  What?

"[Appellant]:  No.

"The Court:  Well, I know you're . . . not happy, but are you going to withdraw your request for self-representation? I strongly recommend you . . . do that.

"[Appellant]:  Yeah, at this moment I withdraw my request."

*Faretta*

When presented with a request for self-representation, the trial court is expected to make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [Citation.]" (*Faretta v. California*, *supra,* 422 U.S. at p. 835 [45 L.Ed.2d at p. 582]; see *People v. Bloom*  (1989) 48 Cal.3d 1194, 1224-1225.) Advising the defendant on the pitfalls of self-representation is not coercion.  (*People v. Jenkins* (2000) 22 Cal.4th 900, 961.)  Coercion occurs when "the influences brought to bear upon the accused were 'such as to overbear petitioner's will to resist. . .' [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 404.)  The trial court's dialogue with appellant cannot be said to have overborne appellant's free will.

 In *People v. Jenkins, supra,* 22 Cal.4th 900, defendant brought a motion to dismiss trial counsel and undertake his defense alone.  Defendant claimed that the attorneys appointed to represent him were incompetent and unprepared for the penalty phase of trial.  (*Id.*, at p. 959.)  The trial court informed defendant that the case involved an overwhelming amount of work and " 'is one of the most serious cases that this county has had in a long time.'  The court acknowledged that defendant was bright, but warned that his lack of legal training would stand in his way in conducting his own defense.  The

court stated: 'I could not advise you strongly enough of what an impossible situation that would be for you' and that it would 'feel better' if defendant had what it considered to be the best representation available. . . ." (*Id.*, at p. 960.) Our Supreme Court concluded that defendant was not coerced into withdrawing the *Faretta* motion. (*Id.*, at p. 961.)

The warning appellant received was similar to the warning in *People v. Jenkins.* Appellant made the *Faretta* motion immediately after the trial court denied his *Marsden* motion for substitute counsel. Appellant's comments suggest that it was a tactical decision to rid himself of appointed counsel and force the trial court to appoint new counsel. (*See e.g., People v. Scott* (2001) 91 Cal.App.4th 1197, 1205.) Appellant asked, "Can I have another one?" which raised the "heads I win, tails you lose" *Faretta-Marsden* paradox. (See *Brookner v. Superior Court* (1998) 64 Cal.App.4th 1390, 1394 [a defendant either has an attorney or he is his own attorney].) The trial court reminded appellant that he had an experienced trial lawyer and strongly recommended that appellant withdraw the request for self-representation. On reflection, appellant said "at this moment I withdraw my request."

Appellant cites no authority where the withdrawal of a *Faretta* motion was found to be "coerced" by the trial court's praise of defense counsel. The trial court simply advised appellant of the dangers and disadvantages of self-representation. (*People v. Jenkins, supra,* 22 Cal.4th at p. 961.) The fact that appellant faced a difficult choice of options occasioned by the denial of his *Marsden* request does not mean that appellant's decision to withdraw the *Faretta* motion was coerced. The right to *Faretta* self-representation may be waived by abandonment and acquiescence in representation by counsel, as was the case here. (*People v. Stanley* (2006) 39 Cal.4th 913, 929.) There is no merit to the argument that appellant was coerced or involuntarily withdrew his request for self-representation.

### Presentence Custody Credits

Appellant argues that the trial court erred in awarding 31 days presentence conduct credits based on the implied finding that battery with serious bodily injury is a

4

violent felony. (See *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531-532 [battery with serious bodily injury is not a violent felony and does not trigger a section 2933.1 custody credit limitation].) On May 12, 2014, the trial court granted appellant's motion to correct the sentence (§ 1237.1) and awarded appellant 371 days actual custody credits plus 371 days conduct credits for total credits of 742 days. We have taken judicial notice of the May 12, 2014 minute order and May 13, 2014 amended abstract of judgment. (Evid. Code, §§ 452, subd. (d); 459.)

Appellant, in his opening brief, concedes that he should have been awarded 371 days actual custody plus 370 days conduct credits (§§ 2900.5, 4019, subd. (f)) for a total of 741 days.

The judgment is modified to reflect that appellant is to receive presentence credits of 371 days actual custody credit plus 370 days conduct credit for total credits of 741 days. (See § 4019, subd. (f) [a term of four days is deemed to have been served for every two days spent in actual custody]; Couzens & Bigelow, Awarding Custody Credits (Feb. 2013) pp. 13-14 [discussing § 4019, subd. (f) half-time credit calculation].) The superior court clerk is directed to issue an amended abstract of judgment to reflect that appellant was awarded 371 actual days and 370 conduct credit days, and to forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

The judgment as modified is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Allen J. Webster, Judge

Superior Court County of Los Angeles

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.