Filed 8/20/21  P. v. Dupleasis CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B305985 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA118360-01) |
| v. | |
| MAURICE RAUL DUPLEASIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Reversed and remanded with directions.

Michael Clough for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

After appellant Maurice Raul Dupleasis punched victim Adam Alcantara in the head, causing him to sustain a traumatic brain injury, he was charged with mayhem (count 1, with a maximum punishment of eight years), battery with great bodily injury (count 2, with a maximum punishment of four years), and assault by means of force likely to produce great bodily injury (count 3, with a maximum punishment of four years). Included in count 3 was an allegation that appellant personally inflicted great bodily injury upon the victim, punishable by an additional three years under Penal Code section 12022.7, subdivision (a).[1] Appellant pled guilty to all counts and admitted he personally inflicted great bodily harm upon the victim. The court selected the high term of four years for count 3 as the "base term," and added an additional three years for the special allegation of great

---

[1] Count 2 also contained a further allegation that appellant "personally inflicted great bodily injury on another person" but did not cite Penal Code section 12022.7. Undesignated references are to the Penal Code.

2

bodily injury, arriving at a seven-year sentence. It then imposed and stayed a mid-term sentence of four years on count 1 and six years on count 2 (consisting of a three-year sentence and a three-year great-bodily-injury enhancement).

On appeal, both parties agree the court erred by selecting count 3 as the base term instead of count 1, because the court was required to sentence appellant "under the provision that provides for the longest potential term of imprisonment" and count 1, with a maximum sentence of eight years, was that count. (§ 654, subd. (a); *People v. Kramer* (2002) 29 Cal.4th 720, 723-724.) In his opening brief, appellant requests we strike the current sentence of seven years and impose a four-year sentence, contending the court has "already determined" that such a mid-term sentence on count 1 is appropriate. The People request we remand the matter for resentencing, to permit the court to fashion a new sentence. Appellant counters that if we elect to remand, we must direct the trial court to refrain from imposing the high-term sentence on count 1, because that would result in a higher sentence than the one appealed. We agree with the parties that the court erred in selecting count 3 as the base term, and conclude the proper course is to remand the matter for resentencing, without restricting the court's discretion.

## STATEMENT OF RELEVANT FACTS

Appellant was accused of punching the victim in the head, resulting in the victim falling, striking his head on

3

concrete, and suffering a traumatic brain injury. As a result, an information was filed in December 2018, charging appellant with three counts: (1) mayhem in violation of section 203, punishable by two, four, or eight years in prison; (2) battery with serious bodily injury in violation of section 243, subdivision (d), punishable by two, three, or four years in prison; and (3) assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(4), punishable by two, three, or four years in prison. The information also alleged that in committing count 2, appellant personally inflicted great bodily injury on another person, and that in committing count 3, he personally inflicted great bodily injury upon the victim within the meaning of section 12022.7, subdivision (a).

In December 2019, the court accepted appellant's guilty plea to all counts. On appellant's plea form, "GBI 12022.7 (+3)" was listed under "ENHANCEMENTS" next to count 2. During the court's questioning to ensure appellant understood the ramifications of pleading guilty, it asked the prosecutor to confirm that the great-bodily-injury enhancement applied to both counts 2 and 3. The prosecutor responded affirmatively regarding count 3, but stated she had "some concerns about whether [it] would technically qualify for count 2." The court responded that the issue was "academic," given that count 1 should be the base term, and any sentence under count 2 would be stayed. The court later asked appellant whether he "further admit[ted] that in the commission of [count 2] [he] personally inflicted great bodily

4

injury within the meaning of Penal Code section 12202.7 subdivision (a)," and appellant admitted he had.

Sentencing occurred in February 2020. After victim impact statements, and statements from appellant and his family and friends, the prosecutor stated: "Your honor, the only thing that I would add is that [prosecutor] McKenna in her sentencing brief wrote for the court to impose the max, which is eight years, [and] if not[] the max, the mid term. [¶] I would just like to remind the court, which I know you're aware of, that the court can also sentence on count 3 and get anywhere between the four and eight as well." The court responded, "I understand that." The court then denied probation and stated it would "select as base term the high term of four years on count 3, which is the violation of the Penal Code section 245, subdivision (a)(4), assault with force likely to inflict great bodily injury, a felony. That is the principal term. The court will also impose as part of the principal term calculation . . . the additional three years for the personal infliction of great bodily injury, within the meaning of Penal Code section 12022.7, for a complete principal term of seven years." The court also imposed the mid-term of four years on count 1, the mid-term of three years on count 2, and added an additional three years to count 2 for the personal infliction of great bodily injury.[2]

---

[2] On appeal, appellant notes the great-bodily-injury enhancement set forth in section 12022.7 may be inapplicable to count 2, but asserts the issue is "immaterial to this appeal because the court did not 'punish' Mr. Dupleasis based on Count

*(Fn. is continued on the next page.)*

The court stayed the sentences on counts 1 and 2 pursuant to section 654. Appellant timely appealed.

## DISCUSSION

While both appellant and the People agree the court erred by selecting count 3 as the base term instead of count 1, they disagree on the appropriate remedy. Appellant contends that because the trial court "already determined that the appropriate sentence under Count 1 is the mid-term (four-year) sentence," we should simply modify the sentence from seven years to four and affirm. The People argue that because the court imposed an unauthorized sentence, we should remand for resentencing, permitting the court to exercise its sentencing discretion and consider all options. In his reply brief, appellant argues that if we remand, we should instruct the trial court not to impose the high-term

---

2." Because we remand the case for a full resentencing, nothing prohibits appellant from arguing at the resentencing that such an imposition would be improper because inflicting great bodily injury is an element of the underlying crime. (See, e.g., *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531 ["Because the 'great bodily injury' contemplated by section 12022.7 is substantially the same as the 'serious bodily injury' element of section 243, subdivision (d) [citation], the section 12022.7 enhancement cannot be applied to the crime of battery with serious bodily injury unless it involves domestic violence"]; see also *People v. Pitts* (1990) 223 Cal.App.3d 1547, 1558-1559 [because "great bodily injury is an element of mayhem . . . an enhancement for great bodily injury cannot be imposed"].)

sentence of eight years on count 1, as this would violate the principle set forth in *People v. Henderson* (1963) 60 Cal.2d 482 (*Henderson*).  We conclude the proper course is to remand for resentencing, without imposing limitations on the length of the new sentence.

## A.    *An Unauthorized Sentence Warrants Remand*

"It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court.  When the mistake is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence."  (*People v. Benton* (1979) 100 Cal.App.3d 92,102; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)[3]

---

[3]    Appellant's sentence was unauthorized because it could not have been lawfully imposed under the circumstances of the case. While the court was free to select the low, middle, or high term (of two, four, or eight years) under count 1, it could not lawfully have sentenced appellant to the seven-year term imposed. (*People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"]; *id.* at 354, fn. 17 ["It is well *(Fn. is continued on the next page.)*

7

In *People v. Massengale* (1970) 10 Cal.App.3d 689, after discovering on appeal that the trial court had imposed an unauthorized sentence, we held that when "a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court." (*Id.* at 691-693.) "When the mistake is discovered while the defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence." (*Id.* at 693.) Having found that the court below imposed an unauthorized sentence, we vacate that sentence and remand with directions to impose a legally authorized sentence. Appellant cites no authority mandating a different procedure.

**B.** ***The New Sentence May Exceed the Initial Sentence***

In *Henderson*, our Supreme Court reversed the defendant's murder conviction, vacating the previously imposed sentence of life imprisonment. The court went on to hold that if convicted on retrial, the defendant could not be sentenced to death. (*Henderson, supra,* 60 Cal.2d at 495-496.) Courts following *Henderson* have construed it to mean that if a conviction is reversed, a sentence imposed on retrial

---

settled . . . that the court . . . imposes an 'unauthorized' sentence when it erroneously stays or fails to stay execution of a sentence under section 654"].)

may not exceed the original sentence appealed from. (See, e.g., *People v. Hill* (1986) 185 Cal.App.3d 831, 836 ["Increasing a sentence upon retrial after a successful appeal or grant of a writ of habeas corpus had already been held to violate double jeopardy"], citing *People v. Henderson, supra,* at 482.) Appellant argues that permitting the trial court to impose the high-term sentence of eight years on count 1 when his current sentence is seven years "would violate the constitutional principles that this Court affirmed in *Henderson*, 60 Cal.2d at 495-497." We disagree.

As the Supreme Court itself observed a decade later, "In the *Henderson* case, as in each of the cited cases which followed it, the sentence imposed after the first trial was a lawful one, within the limits of the discretion conferred by statute for the offense of which the defendant had been convicted. The judgments pronounced at the first trials were reversed because of errors having nothing to do with the sentences." (*People v. Serrato* (1973) 9 Cal.3d 753, 764.) "The rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*Ibid.*)

In *People v. Vizcarra* (2015) 236 Cal.App.4th 422, the defendant was convicted of assault with a deadly weapon and attempting to dissuade a witness. (*Id.* at 425.) Because the defendant had a previous strike, the court doubled the sentence for assault, but failed to double the sentence for

9

attempting to dissuade a witness, and also failed to impose a mandatory five-year enhancement.  (*Ibid.*)  After the defendant appealed, the Court of Appeal noticed the error, and remanded, instructing the trial court to impose the enhancements, which would add seven years to the sentence.  (*Id.* at 426.)  The trial court complied, and on the subsequent appeal, the Court of Appeal affirmed, notwithstanding that the new sentence was longer than the initial one:  "Under the *Serrato* exception to the *Henderson* rule . . . an unauthorized sentence is subject to correction by an appellate court 'whenever the error comes to the attention of the court, even if the correction creates the possibility of a more severe punishment.'"  (*Id.* at 427, 429, 432.)

Appellant neither disputes the holdings of *Serrato* and *Vizcarra* nor argues they were wrongly decided; rather, he notes that cases citing *Serrato* often involve "more complicated scenarios" in which a sentencing court "failed to impose a statutory sentence enhancement, or failed to exercise its discretion to either strike an enhancement allegation or impose the enhancement."  Appellant fails to explain why the complexity of a sentence's composition or whether it involved an enhancement should affect the analysis, or why the principles articulated in *Serrato* and *Vizcarra* should not apply to the instant unauthorized sentence.  In short, we discern no basis for restricting the

10

trial court's discretion, on remand, to fashion a lawful sentence.[4]

---

[4] We reject appellant's suggestion that the trial court "already decided" that a mid-term sentence on count 1 was appropriate. That sentence was imposed only after the court selected count 3 as the base term, and after it characterized as "academic" the sentences imposed on the remaining counts, stayed pursuant to section 654. Accordingly, on remand, the court retains discretion to select among the three terms. (See *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1254 [no abuse of discretion when trial court selected mid-term sentence at initial sentencing, but selected high-term sentence at resentencing].)

## DISPOSITION

Appellant's sentence is vacated.  The matter is remanded to the trial court with directions to resentence appellant in a manner consistent with this opinion, and to issue an amended abstract of judgment and forward it to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

12