Filed 11/18/21 P. v. Smith CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308753 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA043527) |
| v. | |
| TYRRELL SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge. Dismissed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Eighteen years after being sentenced to 32 years in state prison following a no contest plea to charges of mayhem, assault with a deadly weapon, and corporal injury to a spouse, as well as his admission of all allegations of prison priors and enhancements, defendant Tyrrell Smith petitioned the trial court to strike a five-year sentencing enhancement for great bodily injury that was attached to the mayhem count and imposed under Penal Code section 12022.7, subdivision (e).[1]  He also requested a reduction of sentence pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.), effective January 1, 2019.[2]

The trial court denied Smith's pro per petition to reduce his sentence on the basis that Senate Bill No. 1393 does not apply retroactively to final judgments, and Smith does not take issue with that ruling.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 699.)  However, the trial court did not expressly address Smith's request to strike the five-year great bodily injury enhancement, which is raised as the only point of error on this appeal.

Smith contends his long-ago sentence is unauthorized, and subject to our jurisdiction, because section 12022.7 expressly precludes the imposition of the enhancement if great bodily injury is also an element of the offense to which it is attached. However, the version of the statute in effect at the time of Smith's conviction did not include this language.  Further, even under the current version of the statute, the enhancement is not precluded if great bodily injury occurred under circumstances—

---

[1] All unspecified statutory references are to the Penal Code.

[2] Senate Bill No. 1393 allows a trial court to exercise its discretion to strike or dismiss certain prior serious felony enhancements.

present here—involving domestic violence. Thus, the enhancement was authorized.

Accordingly, the trial court did not have jurisdiction to grant Smith's post-judgment petition, and we dismiss his appeal.

## BACKGROUND

In a January 18, 2002 information, Smith was charged with mayhem (§ 203; count 1), assault with a deadly weapon likely to cause great bodily injury (former § 245, subd. (a)(1); count 2), and corporal injury to a spouse (§ 273.5, subd. (a); count 3). As to all three counts, it was alleged that Smith inflicted great bodily injury under domestic violence circumstances (§ 12022.7, subd. (e)) and that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)), a knife. It was further alleged that Smith had two prior convictions that each qualified as a prior serious felony (§ 667, subd. (a)(1)), as well as two prior prison term convictions (§ 667.5).

On October 7, 2002, Smith agreed to an open plea after the trial court indicated that it would strike one of his prior convictions for sentencing purposes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.[3] Smith pleaded no contest to each count and admitted all of the allegations. The trial court sentenced him to 32 years in state prison, which included five

---

[3] Under *Romero,* "a trial court may strike or vacate an allegation or finding under the Three Strikes law [(§§ 667, subds. (b)-(i), 1170.12)] that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.)

3

years for the great bodily injury enhancement attached to the count for mayhem.

Smith did not file an appeal.

On August 14, 2020, Smith filed a petition to correct an allegedly unauthorized sentence.[4]  Specifically, he argued that the court should strike his great bodily injury enhancement under section 12022.7, subdivision (e), because it was an element of mayhem and thus should never have been imposed.  He also requested the trial court exercise its discretion under Senate Bill No. 1393 to strike his two prior serious felony enhancements.

On August 31, 2020, the trial court denied Smith's petition on the basis that Senate Bill No. 1393 does not apply retroactively to final judgments.  The minute order did not address Smith's argument that the great bodily injury enhancement was unauthorized because great bodily injury is also an element of mayhem.

Smith timely appealed.

## DISCUSSION

" ' "[A] judgment or order is not appealable unless expressly made so by statute."  [Citations.]'  [Citation.]" (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  Smith argues the trial court's order is appealable under section 1237, presumably as a post-judgment order affecting a defendant's substantial

---

[4] Smith first filed a petition to correct his sentence on July 14, 2020.  However, the trial court declined to act because the petition lacked a proof of service.  In its written minute order, the court observed that the petition "in its current form does not state a legal basis upon which to disturb the previously-imposed sentence in this case."

4

rights under subdivision (b).  However, an order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)  An appeal from such an order must be dismissed.  (*Ibid.*, citing *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1727.)

" '[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.]' [Citations.]" (*People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1204.)  Smith argues he falls within an exception to this rule because his sentence was unauthorized. (See *id.* at p. 1205 ["an unauthorized sentence may be corrected at any time"].)  This " 'is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case." ' " (*Ibid.*)

Smith contends the sentence is unauthorized because section 12022.7, subdivision (g) precludes the imposition of enhancements under subdivisions (a), (b), (c), and (d) "if infliction of great bodily injury is an element of the offense."  (§ 12022.7, subd. (g).)

Smith's argument fails for two reasons.  First, the version of section 12022.7, subdivision (g) in effect at the time of Smith's 2002 conviction did not preclude imposition of the enhancement. Instead, it required that "[t]he additional term provided in this section shall not be imposed unless the fact of great bodily injury is charged in the accusatory pleading and admitted or found to be true by the trier of fact."  (See § 12022.7, former subd. (g) [version effective Jan. 1, 2001 to Dec. 31, 2002].)  These elements were met at the time of Smith's conviction.  Second, section 12022.7,

subdivision (g) does not preclude the imposition of the enhancement under subdivision (e), which involves great bodily injury in a domestic violence context and under which Smith received the five-year sentencing enhancement.  (See § 12022.7, subds. (e), (g); *People v. Hawkins* (2003) 108 Cal.App.4th 527, 531 ["The [great bodily injury] enhancement may be applied, however, if the crime is committed under circumstances involving domestic violence"].)

Smith therefore fails to demonstrate that his sentence was unauthorized.[5]  Accordingly, the trial court did not have jurisdiction to rule on his post-judgment petition.  We dismiss the appeal.  (*People v. Turrin, supra,* 176 Cal.App.4th at p. 1208.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED

CRANDALL, J.[*]

We concur:

CHANEY, J.                    BENDIX, Acting P. J.

---

[5] Smith does not argue his sentence was unauthorized under any other basis.

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.